```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|                                   |   |                                 |
|-----------------------------------|---|---------------------------------|
| INNOVATIVE VALUE CORP., ET AL.    | : |                                 |
|                                   | : |                                 |
|        v.                         | : | Civil Action No. DKC 2009-0111  |
|                                   | : |                                 |
| BLUESTONE FINANCIAL, LLC          | : |                                 |
|                                   | : |                                 |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this trademark infringement and unfair competition action is the motion of Plaintiffs Innovative Value Corporation and Bluestone Financial Advisors, LLC, for entry of default judgment against Defendant Bluestone Financial, LLC.  (Paper 10).  For the following reasons, the motion will be granted.

Plaintiff Innovative Value Corporation ("Innovative Value") is a Maryland corporation with its principal place of business in Maryland.  Plaintiff Bluestone Financial Advisors, LLC ("Bluestone Financial"), is a Maryland limited liability company with its principal place of business in Maryland.  Nathan Irons is the sole shareholder of Innovative Value and the sole member of Bluestone Financial.

On June 13, 2005, Mr. Irons filed an application to register the service mark "Bluestone" with the United States Patent and Trademark Office ("USPTO").  Pursuant to that

application, USPTO registered the mark on August 21, 2007, under Registration No. 3,283,637, for uses related to financial and insurance services and consultation.  On May 27, 2008, Mr. Irons recorded with USPTO an assignment of the mark to Innovative Value, which then licensed its use to an affiliate, Bluestone Financial.  Plaintiffs have continuously used the mark in commerce since around June 30, 2005, in relation to their financial and insurance consultation services; as a result, it has developed a secondary and distinctive meaning to those seeking such services.

Defendant Bluestone Financial, LLC ("Defendant"), is a Texas limited liability company with its principal place of business in Texas.  Defendant is a "financial services business" that "regularly engages in business with and offers its services in obtaining college savings investment vehicles through John Hancock Distributors LLC, which operates out of Maryland and whose savings plans are managed in Maryland by a Maryland corporation, T. Rowe Price."  (Paper 1, ¶¶ 12, 14).  In February 2008, after Mr. Irons' registration of the "Bluestone" mark, Defendant registered its business under the name Bluestone Financial, LLC.  In March 2008, Defendant registered the website domain names "bluestonefinancialservices.com" and

"investbluestone.com," through which it has continuously advertised its business ever since.

On October 10, 2008, counsel for Plaintiffs mailed a letter to Defendant advising of their position that Defendant's use of the "Bluestone" mark constituted trademark infringement, and demanding that Defendant cease-and-desist all further use of the mark.  Thereafter, Andrew Miller, "Senior Financial Executive" for Defendant, contacted Plaintiffs' counsel and advised that he would send a written description of the services provided by Defendant.  At around the same time, Defendant changed its use of the mark to "Blue-Stone" on one of its websites, and changed a logo with the "Bluestone" name on the other website.  On November 5, 2008, having not received the promised written statement from Defendant, Plaintiffs' counsel mailed a second cease-and-desist letter to Defendant, advising that the apparent remedial measures taken by Defendant were insufficient to cure the trademark infringement.  Defendant failed to respond.

Plaintiffs filed this suit on January 20, 2009, alleging trademark infringement, false designation of origin, unfair competition, and unjust enrichment.  A summons was issued and the summons and complaint were properly served on Defendant's resident agent on February 2, 2009.  (Paper 6).  When Defendant did not respond, Plaintiffs moved for entry of default on March

3

6, 2009 (Paper 7), which the clerk entered on April 6, 2009 (Paper 8).[1]  On June 11, 2009, Plaintiffs moved for default judgment on their trademark infringement claim, requesting injunctive relief "enjoining [D]efendant from using Plaintiffs' trademark 'Bluestone,'" and "requiring [D]efendant to abandon or transfer to [P]laintiffs the registration of its infringing domain names." (Paper 10).[2]

Defendant has not responded to Plaintiffs' motion for default judgment.  Entry of default judgment is left to the discretion of the court.  *Dow v. Jones*, 232 F.Supp.2d 491, 492 (D.Md. 2002).  The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id*. at 494-95 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party.  *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

---

[1] Notably, the entry of default initially mailed by the clerk to Defendant was returned as undeliverable.  An attorney, Mary Rhodes, Esq., subsequently contacted the clerk and provided the address of Defendant's resident agent as: Business Filings, Inc., 701 Brazos Street, Suite 720, Austin, Texas 78701.  The entry of default was then mailed to Defendant at that address.

[2] While Plaintiffs' complaint includes three other counts and requests treble damages and attorneys' fees in addition to injunctive relief, they seek default judgment only on the trademark infringement claim and request only injunctive relief. The remaining claims will be dismissed.

421.  Upon default, the well-pled allegations in a complaint as to liability are taken as true.  *Lawbaugh*, 359 F.Supp.2d at 422.

Here, Plaintiffs have established trademark infringement in violation of 15 U.S.C. § 1114(a)(1).  To prove trademark infringement, they are required to show "(1) that [they] own a valid and protectable mark; (2) that [Defendant] uses a 're-production, counterfeit, copy, or colorable imitation' of that mark in commerce and without [Plaintiffs'] consent; and (3) that [Defendant's] use is likely to cause confusion."  *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259 (4th Cir. 2007) (quoting 15 U.S.C. § 1114(1)(a)).  By attaching to their complaint the certificate of registration for the trademark "Bluestone" and the registration of the assignment by Mr. Irons to Innovative Value, Plaintiffs have established ownership and validity of the mark.  *See* 15 U.S.C. § 1057(b). Moreover, the allegations of their complaint, taken as true, establish that Defendant registered its business and domain names after Plaintiff's mark was registered, and that Defendant's use of the mark in conducting business substantially similar to that in which Plaintiffs are engaged would likely cause confusion in the marketplace.

A district court has authority under the Lanham Act to grant injunctive relief to prevent further violations of a

plaintiff's trademark rights.  *See* 15 U.S.C. § 1116.  Before a permanent injunction may properly issue, however, the plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc., et al. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiffs have made the requisite showing here.  Their complaint alleges that, in addition to lost profits, they have suffered "damages to their businesses, reputations, and good will" (Paper 1, at ¶ 20), which may fairly be characterized as "irreparable" in nature.  As Defendant's infringement has continued despite the issuance by Plaintiffs' counsel of two cease-and-desist letters, and Defendant has not appeared or participated in this litigation, further infringement is a continuing threat, making remedies at law insufficient to compensate for Plaintiffs' injuries.  Defendant's continued use of Plaintiffs' mark, moreover, clearly tips the balance of hardships against Plaintiffs.  Finally, the public interest would not be disserved by a permanent injunction, as there is

6

greater public benefit in securing the integrity of Plaintiffs' mark than in allowing Defendant to continue to use the mark in violation of Plaintiffs' rights.  The court, therefore, will grant the requested injunctive relief.  A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

7